Good morning, your honors. May it please the court. My name is Joe Davis and I represent the plaintiff appellant, Ms. Deborah Vitaliano. Your honors, the merits question in this case is for now and unfortunately controlled by Hill. But what this court can and must do in this appeal is to confirm that the plaintiff here, Ms. Vitaliano, has standing to present that question. The plaintiff seeks to stand outside the White Plains Planned Parenthood, peacefully approach women on their way into the clinic, and engage in compassionate counseling and education about abortion and its alternatives. It's undisputed that that exact conduct is prescribed by the statute at issue here, and that statute threatens people like the plaintiff with jail time if they engage in it. That makes this a paradigmatic case of pre-enforcement First Amendment standing. And neither the district court's reasoning for denying standing, nor the entirely different reasoning that the county offered in its appellate brief, suffices to show otherwise. So if I could, I'd like to start with the district court's reasoning, and I think I can be relatively brief there because the county appears to have totally abandoned it on appeal. To be clear, it didn't raise it in the first place, but now it's certainly abandoned it. And it's not really hard to see why. It's because that reasoning was based on a straightforward misreading of the complaint. The complaint does not say, as the district court thought it did, it does not say that the plaintiff still needs training before she can engage in sidewalk counseling. It says that she has obtained the training she needs, such that she is now prepared to engage in sidewalk counseling. And what the law requires is a present intent to engage in the prescribed conduct. The plaintiff has clearly alleged that. She says that she's now prepared to engage in sidewalk counseling. She says that but for the sidewalk counseling ban, she would engage in sidewalk counseling. She even says that it's only because of the sidewalk counseling ban that she hasn't yet engaged in sidewalk counseling. So her speech has already been chilled. These are exactly the kind of allegations that have sufficed in numerous cases to satisfy the present intent. I would just direct the court to cases like Picard, Knife Rights, and Walsh. So that's the district court's reasoning. What the county said in its appellate brief was something different. It focuses on the credible threat of enforcement prong of the pre-enforcement standing test. But here the county's argument is really running into the teeth of this court's precedence, as I think Chief Judge Livingston and Judge Carney may have just suggested with the presumption. So what this court's cases say, like in Hedges v. Obama but also elsewhere, is that when you've got a recently enacted law that indisputably prescribes the plaintiff's conduct, the burden's not on the plaintiff to come up with more facts that show that there's a credible threat, that that law will be enforced. There's a presumption of a credible threat, and the burden is on the defendant to rebut the presumption. Typically it says, like, we disavow enforcement. We agree with the plaintiff on the merits and we disavow enforcement. There's been no disavow here. Judge Radge just asked for one and we didn't hear one. We saw an explicit refusal to disavow. We've got a recently enacted law. It indisputably prescribes the plaintiff's conduct, as everybody agrees. Therefore, the presumption is triggered and the plaintiff has standing. And I think it's notable that there hasn't been a single case cited to this court involving that scenario, that recently enacted law indisputably prescribing the plaintiff's conduct, where the court denied standing absent some disavow. Instead, all of the cases, all of them, go our way. So from this court, we've got Vermont Right to Life and the Tong case. From the Supreme Court, you've got Virginia v. American Booksellers, and notably Hill v. Colorado itself arose in exactly this posture. Obviously we disagree with Hill on the merits, but nobody disputed the plaintiff's standing there. And so it's for that reason that the only case that the county has been able to come up with on appeal involved not a new statute, not a recently enacted statute, but a 50-year-old statute. It's an unpublished decision that's not binding on this court anyway, but when you've got a 50-year-old statute, it makes sense that what you care more about is how it's been enforced on the ground. There the plaintiff had no analogous enforcement actions, but here we're talking about a brand new law. We see it four months after it was passed. So I think it's – and I'll just direct the court to Vermont Right to Life if you need confirmation on this, because the Vermont Right to Life case, it was a newly enacted law, but there actually that's a harder case than this one because the government came in and said, like, no, no, no, plaintiff, you've got it all wrong. This law doesn't prescribe your conduct. We have no intention of enforcing it against you. This court rejected that argument, found a credible threat of enforcement anyway. If that's how Vermont Right to Life came out, this case is a-for-sure. They're clearly standing here. So if I could, Your Honors, I would like to pivot at least briefly to the merits, because although we've – well, actually, let me just say one more word about the credible threat issue. On the merits, I mean, everyone seems to agree that Hill controls. Yes, Your Honor, we do agree that Hill controls. And so it's kind of hard to have an extended discussion about the merits. If Hill controls and basically what's happening here is you're on your way to the Supreme Court to address whether language in dissents, concurrences, you know, additional opinions have written in the other circuits as well as by the Supreme Court itself. That's kind of where we are, isn't it? No one disputes that. Yes, Your Honor, that's where we are. Unfortunately, we do think the Supreme Court is the only court that can give us relief, and that's why we're trying to get there. That's accurate. I will just say one more word, then, about pre-enforcement standing, and that's that, you know, this case isn't just about the presumption, although we think the presumption is, in fact, dispositive. But this case, it's actually even easier than that. It's presumption plus because there's actually a number of facts that underscore the credible threat of enforcement here that the counties never responded to, never rebutted, and that only make this an easy case. So, first, you have the fact that not only are they not disavowed repeatedly, not in their briefs, not in response to Judge Radji's questions, they have vigorously defended the constitutionality of their law on the merits. And in the New Hampshire right to life case, the First Circuit said that was important. This court said something like it in knife rights as well. The second is that in the legislative history, as was already alluded to, you've got members of the Board of Legislators talking about contemplating enforcement of this law. They want to make sure that the police have the training that they need to enforce it. I think what this shows is, you know, they didn't think that they were enacting a dead letter when they passed this statute. And then the third thing is that this law is enforceable not only by county officials, but also by private plaintiffs, including people outside the sidewalk, people outside the clinics, and the clinics themselves, some of which have been knocking down this court's doors in order to make their views heard on the county's law. So I think there's no doubt that there's a credible threat of enforcement. If the plaintiff engages in the exact conduct that the law prescribes, the law is likely to be enforced against her. If there are any further questions, I'll save my time. Thank you. Excuse me. I just want to add a little more on the standing issue. The cases that are relied upon by the Vitagliano appellate, hedges, Vermont right to life, New Hampshire right to life, all predate Susan B. Anthony and the Second Circuit decisions in Adams v. Barr, which is a summary decision, I understand, but it does summarize the state of the law in the Second Circuit. And then I turn again to knife rights, which I believe make it clear you need more than to say just because the law is on the books, whether it's new or not new, and I may violate it, the plaintiff gets standing. So I just reiterate that I think the more recent cases require more than simply a new law on the books and whether it will be enforced or not. Thank you. Thank you. After any questions, I'll present. Thank you. Thank you both.